# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DANTE HENCE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 2:16-cv-2772 |
| ) | No. 2:15-cr-20131 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

Before the Court is Dante Hence's September 26, 2016 Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.) The United States (the "Government") responded on November 8, 2016. (ECF No. 6.) Hence replied on December 1, 2016. (ECF No. 7.)

For the following reasons, the Court DENIES Hence's motion and DENIES a certificate of appealability ("COA").

**I.  Background**

On September 10, 2015, Hence pled guilty to receiving or possessing a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  (Case No. 15-cr-20131, ECF No. 24.)

At sentencing, the Court determined that Hence's base offense level was 18 because the offense involved a firearm described in

26 U.S.C. § 5845(a). (Statement of Reasons at 1.) The Court added four levels under U.S.S.G. § 2K2.1(b)(4)(B) because the firearm had an obliterated serial number. (Id.) The Court added four more levels under U.S.S.G. § 2K2.1(b)(6)(B) because Hence possessed the firearm in connection with another felony offense. (Id.) Hence's adjusted offense level was 26. (Id.) The Court granted a full three-level reduction for acceptance of responsibility, bringing Hence's total offense level to 23. (Id.) With a criminal history category of V, the Court calculated Hence's guideline custody range to be 84 to 105 months. (Id.) The Court sentenced Hence to 84 months in prison. (Case No. 15-cr-20131, ECF No. 36 at PageID 88.)

Hence contends that his sentence is unlawful for two reasons. First, he argues that the Court erroneously enhanced his sentence under § 2K2.1(b)(6)(B) because the Court relied on a dismissed felony. Second, he argues that, under Johnson v. United States, 135 S. Ct. 2251 (2015), the Court wrongly enhanced his sentence under § 2K2.1(a)(3) for having a prior felony conviction of a crime of violence.

**II. Analysis**

Hence's arguments are not well-taken.

First, a sentence enhancement under § 2K2.1(b)(6)(B) for "us[ing] or possess[ing] any firearm or ammunition in connection with another felony offense" does not require a conviction. "[T]he

2

term 'another felony offense' means 'any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, <u>regardless of whether a criminal charge was brought, or a conviction obtained</u>." United States v. Neal, 627 F. App'x 543, 545 (6th Cir. 2015) (quoting U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(C)) (emphasis added). At sentencing, the Court determined that Hence committed aggravated assault with the firearm. The sentence enhancement was properly applied.

Second, the Court did not, as Hence asserts, rely on § 2K2.1(a)(3) to enhance his sentence. The Court declined to adopt the Presentence Report's recommendation that Hence's base offense level be enhanced under § 2K2.1(a)(3) for having previously committed a crime of violence. The Court found that Hence's conviction for facilitation of second-degree murder was not a crime of violence.

Hence's arguments are without merit. His motion is DENIED.

The Court must also decide whether to issue a certificate of appealability ("COA"). No § 2255 movant may appeal without a COA. A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate

whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

In this case, there can be no question that Hence's claims are meritless for the reasons previously stated. Because any appeal by Hence on the issues raised in his motion does not deserve attention, the Court DENIES a COA.

To appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, a prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

Because Hence is clearly not entitled to relief, the Court denies a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in

this matter would not be taken in good faith.  Leave to appeal <u>in forma pauperis</u> is DENIED.

**III. Conclusion**

For the foregoing reasons, Hence's motion is DENIED.  A COA is DENIED.

So ordered this 10th day of July, 2019.

/s/ Samuel H. Mays, Jr.  
SAMUEL H. MAYS, JR.  
UNITED STATES DISTRICT JUDGE